### DAVID MARTIN v. H. L. WILLIAMS *et al.*

EVIDENCE—*Failure to Exclude, Error.* The trial court can control the order of proof, and may admit that which for the time being has no apparent applicability to the issues of the case, upon the promise and theory that the testimony to follow will make it material. But when the promised testimony is not produced, and that which follows does not render the testimony given admissible, it is the duty of the court, upon request, to exclude it from the consideration of the jury, and a failure to do so, where the testimony is such as may have in- · fluenced the jury in the verdict given, is reversible error.

#### *Error from Nemaha District Court.*

THE opinion states the nature of the action, and the material facts.   Judgment for the defendants *Williams* and another, at the September term, 1886.   The plaintiff *Martin* brings the case to this court.

*Conwell & Wells,* for plaintiff in error.

*J. E. Taylor,* and *Jas. Falloon,* for defendants in error.

The opinion of the court was delivered by

JOHNSTON, J.: On June 4, 1886, David Martin commenced this action in the district court of Nemaha county, against H. L. Williams and E. D. Gearhart to recover the sum of $1,500.   It appears that in March, 1883, Williams and Gearhart entered into a partnership to carry on a general merchandising business at Sabetha, Kansas.   Their house was known as the "Red-front Store," and they continued the busi-

ness together until sometime in 1886. In August, 1884, the plaintiff, David Martin, and Gearhart became partners for the purpose of dealing in boots and shoes at Sabetha, Kansas, and their house was known as the "Boston Shoe Store." In March, 1886, they changed their general partnership into a limited one, and David Martin as a special partner, and the business was then extended to general merchandising, Martin putting in a capital of $2,000. Gearhart was the manager of both stores during the time they were in operation, with full control, and both proved to be unprofitable ventures, at least so far as his partners were concerned. The plaintiff contends that he used the funds of the Boston store in purchasing goods for and in paying the indebtedness of the red-front store, and that goods belonging to the firm of which the plaintiff was a member were taken from the shoe store to the other, and were never returned or paid for. The trial resulted in a verdict and judgment in favor of the defendants, and the plaintiff complains and assigns many errors in the ruling of the court below, the principal one being the admission of improper testimony, and the failure of the court to give proper instructions.

As has been said, Gearhart for a time conducted the business of both houses, and the testimony shows that it was carried on much the same as though both stores belonged to a single owner. The funds of one business seem to have mingled with those of the other, and moneys received at one store were frequently used to pay the debts of the other. Goods were transferred from one house to the other, and no regular account seems to have been kept of the exchanges made. Gearhart had absconded, and was not present at the trial to assist in clearing up the confusion which necessarily resulted from his methods of business. During the trial the defendants, for the purpose of obtaining credit upon the claims of the plaintiff, offered in evidence, over objection, checks, vouchers, and entries of credit, which had no apparent connection with the business of the firm of which the plaintiff was a member, and did not appear to be evidence of payment

made upon the indebtedness of such firm.   This was the purpose for which they were offered, and it was admitted that they could only be admissible upon that theory.   Necessarily the rules of evidence must be liberally applied in unraveling such a confused state of things as existed between these parties.   It may be necessary to admit testimony which for the time being has no apparent applicability, upon the promise and theory that the testimony to follow will connect it with the plaintiff and make it material to the issues of the case. But when it is not so connected, it is the imperative duty of the court to take it from the jury, or to advise them to disregard it in reaching their determination.   In this case, the following instruction was asked and refused:

"The court further instructs the jury in this case, that the several payments proved to have been made by different checks and book entries in this case are not applicable, and the defendant H. L. Williams is not entitled to a credit therefor, unless it is shown in connection with each of them that the funds used to make such payment or payments were taken from the funds of the firm of which H. L. Williams was a member, and applied to the payment of the debts of the firm of which David Martin, plaintiff, was a member."

In view of the character of the case, and that much improper testimony had been admitted, it was highly proper that this instruction, which was conceded to be correct, or one of similar import, should have been given.   Nothing substantially like the one refused, or which would serve the same purpose, was embraced in the general charge.   It is true the court stated that if Gearhart applied the funds of the firm of which Martin was a member to the payment of the debts of the firm of which Williams was a member, then the latter firm and Williams would be liable to Martin's firm to the amount of funds so applied.   This charge would indicate that the court had the correct conception of the rule of liability, but it does not take from the jury the incompetent testimony, nor direct them to dismiss it from their consideration.   The fact that the court admitted the testimony over objection and refused to instruct it out of the case upon request, may have led the

jury to give it consideration; and the reading of the testimony in the record does not show the right of the case to be so clearly with the defendant that we can say the error was not prejudicial.

The judgment of the district court will be reversed, and the cause remanded for a new trial.

HORTON, C. J., concurring.

VALENTINE, J.: With some hesitation I concur in the judgment of reversal in this case. I concur in all the legal propositions enunciated in the syllabus and in the opinion; but I have doubts, upon the entire record in the case, as to whether the court below committed any material, or substantial, error, or not. It seems to me that the jury should not have been misled by anything the court either said or did, or refused to say or do, although possibly they may have been misled. But as the case is to be remanded for another trial, which will afford all the parties another opportunity to obtain justice, I shall concur.